IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY ELLE FASHIONS, INC., <br> d/b/a MERIDIAN ELECTRIC, <br> <br>     Plaintiff / Relator, <br> <br> vs. <br> <br> <br> TECHNOLOGY RESEARCH <br> CORPORATION, <br>     Serve:  Thomas G. Archbold <br>             5250-140th Ave. North <br>             Clearwater, FL  33760, <br> <br>     Defendant. | Case No. 3:10-cv-00659-JPG-DGW <br> <br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff / Relator, Mary Elle Fashions, Inc. d/b/a Meridian Electric ("Meridian"), by and through the undersigned counsel, states as follows for its Complaint against Defendant, Technology Research Corporation ("TRC"):

1. This is a *qui tam* action for false patent marking under 35 U.S.C. §292.

2. As set forth in detail below, TRC has violated 35 U.S.C. §292(a) by falsely marking unpatented articles with the word "patent," together with a number suggesting that the articles are patented, for the purpose of deceiving its competitors and the public into believing that such articles are covered by the falsely marked patents.

1

## PARTIES, JURISDICTION, AND VENUE

3. Meridian is and was at all material times a corporation duly organized under and existing by virtue of the laws of the State of Missouri, with the power to sue. Meridian's principal place of business is located at 1241 Ambassador Blvd., St. Louis, MO 63132.

4. Upon information and belief, TRC is and was at all material times a corporation organized and existing under the laws of the State of Florida, having its principal place of business located at 5250 140th Ave. North, Clearwater, Florida 33760.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

6. Venue is proper in this District under 28 U.S.C. §§1391(b) and (c) and 1395(a), because, on information and belief, TRC has sold a substantial number of its products which are the subject matter of this Complaint to consumers in this District.

## THE EXPIRED PATENT

7. U.S. Patent No. 4567456 (the "Patent"), entitled "Resettable circuit closing device," was filed on June 13, 1983 and issued on January 28, 1986. A true and correct copy of the Patent is attached as <u>Exhibit 1</u> to this Complaint and incorporated herein by reference.

8. The Patent expired no later than June 13, 2003.

## COUNT I

9. Meridian realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 8 above as though fully set forth herein.

10. TRC makes, sells, or has made and has sold, a variety of products for sale to distributors, retailers, and the general consuming public, and sells products in categories that compete with products sold by Meridian.

11. TRC is a sophisticated business entity with extensive experience obtaining patents in the United States.

12. Because of the nature of its business, TRC actively seeks and is the owner/assignee of a number of patents.

13. As a sophisticated business entity and based on its experience, TRC knows or reasonably should have known of the requirements and provisions of 35 U.S.C. §292.

14. TRC has marked or caused to be marked, and continues to mark or cause to be marked, articles with at least one expired patent, including those products and/or their packages listed on Exhibit 2 hereto and incorporated herein by reference, which are marked with the number assigned to the now expired Patent.

15. The instances of false marking shown on Exhibit 2 are representative and not necessarily exhaustive.

16. TRC knows or reasonably should have known that the purpose of marking a product with a patent number is to put competitors and the public at

large on notice of exclusive and legally enforceable rights with respect to the marked product.

17.     TRC knew or reasonably should have known that the articles it marked and continues to mark with the Patent are not covered by the expired Patent and that expired patents have no monopoly rights.

18.     Upon information and belief, TRC has marked and continues to mark its products and packages with the Patent and its associated number for the purpose of deceiving the public into believing that its products are covered by the Patent.

19.     Upon information and belief, TRC intentionally included the Patent and its associated number on its products and packages in an attempt to prevent competitors from making and selling the same or similar or competing products.

20.     Each false marking on TRC's products is likely to discourage or deter persons and companies from making or selling similar or competing products.

21.     By falsely marking its products and packages with a patent that has expired, TRC has benefitted commercially and financially.

22.     By marking and continuing to mark articles with the Patent without a reasonable belief that such articles were covered by the Patent, TRC has injured the sovereign interests of the United States, as well as the public interest, and has discouraged competition and innovation in competing products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff / Relator, Mary Elle Fashions, Inc., d/b/a Meridian Electric, prays that this Court enter judgment in its favor and against Defendant, Technology Research Corporation, as follows:

A.   Entering an injunction prohibiting Defendant and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violation 35 U.S.C. §292.

B.   Ordering Defendant to pay a civil monetary fine of $500 per false marking offense, one-half of which shall be paid to the United States;

C.   Ordering Defendant to provide an accounting for any falsely marked products and/or packages not presented at trial and a monetary award set by the Court for such falsely marked articles;

D.   Ordering Defendant to pay all costs of this actions, including attorneys' fees and interest; and

E.   Granting Plaintiff / Relator such other and further relief as the Court deems just and proper.

Dated: August 27, 2010

**SHER CORWIN LLC**

By: /s/ David S. Corwin
David S. Corwin
Vicki L. Little
190 Carondelet Plaza, Suite 1100
St. Louis, MO  63105
(314) 721-5200
(314) 721-5201 (fax)
dcorwin@shercorwin.com
vlittle@shercorwin.com

*Attorneys for Plaintiff / Relator*